UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PEDRO PABLO LOEVEL-SALAZAR                                        PETITIONER

V.                                          CIVIL ACTION NO. 3:24-CV-700-KHJ-MTP

WARDEN SHANNON D. WITHERS                                        RESPONDENT

ORDER

Before the Court is pro se Petitioner Pedro Pablo Loevel-Salazar's [3] Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Loevel-Salazar is an alien incarcerated by the Bureau of Prisons (BOP) and seeks an injunction preventing the BOP from possibly lengthening his sentence in the future. [3] at 1, 8, 10. For the reasons stated, the Court dismisses this case without prejudice for lack of standing.

Loevel-Salazar alleges that the BOP has awarded him sentencing credits under the First Step Act. *Id.* at 3–4. He contends that the BOP has correctly calculated his sentence. *Id.* But he claims that "many inmates in different BOP prisons" are not receiving these credits, even though they "do not have a final order of removal issued by a federal immigration judge." *Id.* at 2. So Loevel-Salazar "is challenging the pos[s]ibility that the BOP . . . may remove [his] . . . time credits . . . from his sentence . . . ." *Id.* at 3. He asks this Court to "order the BOP to keep and not remove [his] . . . credits . . . from [his] . . . sentence as [he] ha[s] been classified by the BOP . . . as eligible and has been granted . . . the . . . credits." *Id.* at 10.

Loevel-Salazar does not seek speedier release; instead, he seeks a protective order against the BOP. "To seek injunctive relief, a plaintiff must show," among other things, "that he is under threat of suffering injury in fact that is concrete and particularized." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (cleaned up). The threat of injury "must be actual and imminent, not conjectural or hypothetical." *Id.* The "threatened injury must be *certainly impending*," and "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up).

Loevel-Salazar states that the BOP has correctly calculated his sentence and awarded him First Step Act credits. [3] at 3–4. He does not allege that anyone has threatened to take away these sentencing credits. He merely contends that "many" inmates at "different" prisons are being wrongfully denied their credits. *Id.* at 2. The allegation that unnamed prisoners at other prisons may be losing their First Step Act credits is insufficient to imply that the threatened injury—the loss of Loevel-Salazar's credits—is "certainly impending." *Clapper*, 568 U.S. at 409 (cleaned up). On this record, any such injury is too speculative. Because he fails to plausibly allege an injury in fact, he lacks standing to pursue this claim.

For the reasons stated, the Court DISMISSES this case without prejudice for lack of standing. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Loevel-Salazar at his address of record.

SO ORDERED, this 31st day of March, 2025.

                                            s/ *Kristi H. Johnson*
                                            UNITED STATES DISTRICT JUDGE